Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Towanda M Strong** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | |
| Case number: (If known) | **19-02520** | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

District of South Carolina
# Chapter 13 Plan                                                                                                12/17

## Part 1:  Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☑ Not Included |

## Part 2:  Plan Payments and Length of Plan

**2.1** The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$430.00 for 60 Months.**

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Regular payments to the trustee will be made from future income in the following manner:**

| Debtor | **Towanda M Strong** | Case number | **19-02520** |
|---|---|---|---|

*Check all that apply:*
- ☑ The debtor will make payments pursuant to a payroll deduction order.
- ☐ The debtor will make payments directly to the trustee.
- ☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
- ☑ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- ☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

| Part 3: | Treatment of Secured Claims |
|---|---|

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- ☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2    Request for valuation of security and modification of undersecured claims.** *Check one.*

- ☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
  ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

- ☐ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed Estimated amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

  The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

  Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Debtor | **Towanda M Strong** | | | Case number | **19-02520** | | |
|---|---|---|---|---|---|---|---|

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| Mr. Cooper | $5850 | 215 Lupo Drive | $79,000.00 | None | $74,000.00 | 0% | $98.00 (or more) see also § 8.1 for additional information |
| Badcock | $885.00 | Washer, Table, Chair | $Unk | $0.00 | $885.00 | 6.75% | 18.00 (or more) |
| HYDE PARK AUTO SALES | $7,696.00 | 2009 Honda Accord 135102 miles VIN# 1HGCP26339A053824 Principal Amount Due in filed POC | $3,500.00 | $0.00 | $7,696.00 | 6.75% | 152.00 (or more) |

*Insert additional claims as needed.*

**3.3    Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*
    ☑ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4    Lien avoidance.**

*Check one.*
    ☑ **None**. If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5    Surrender of collateral.**

*Check one.*
    ☑ **None**. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

| Debtor | **Towanda M Strong** | Case number | **19-02520** |
|---|---|---|---|

**4.1** **General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3** **Attorney's fees.**

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐ **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☑ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan. **See § 8.1**

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**5.1** **Nonpriority unsecured claims not separately classified.** *Check one*

| Debtor | **Towanda M Strong** | Case number | **19-02520** |
|---|---|---|---|

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

- ☑ The debtor estimates payments of less than 100% of claims.
- ☐ The debtor proposes payment of 100% of claims.
- ☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- ☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one*.

- ☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

- ☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor as stated below:**
*Check the appliable box:*

- ☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

- ☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
- ☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.
- **8.1.1** **Claims of the IRS & SCDOR shall be paid in full.**
- **8.1.2** **Debtor, *at this stage of this proposed Chapter 13 Plan of of Reorganization,* references her rights herein, noting (rather than asserting any adverse treatment of the Mortgage Debt outside the scope of normative practice (and specifically meant to *comply with Notice to any and all parties which theoretically could be effected, in the event of further action by Debtor rather than "ambush" any interested entity*[1]) that she has a claim to recover actual damages, statutory penalties and related relief pursuant to S.C. Code Ann. §§ 28-10-102 & 28-10-105 either affirmatively by way of a possible Adversary Proceeding for damages, or for leave of court to pursue said remedies in State Court, or to establish Mortgagee's claim, or by objection to any Proof of Claim filed by any entity claiming to be the current Mortgagee, Servicer of the Mortgagee or Agent of the Mortgagee, concerning the Debtor's residence: property of record known as 215 Lupo Drive. The rights asserted concern the manner in which the mortgage loan closing was conducted (concerning Debtor's residence, which is central to her reorganization in this Chapter 13 plan).**

    **The closing took place on or about June 26, 2016, thus the alleged statutory violation is within the Three Year Statute of Limitations for an action under the aforesaid provisions of the South Carolina Code. Debtor**

---

[1]United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010)

is informed, believes and alleges that under the SC Code, she is entitled to damages, statutory penalties and attorney's fees for vindication of her rights as assigned thereunder, and that same is necessary to determine Debtor's claim against the Mortgagee, or to have setoff against any claim established by or on behalf of the Mortgagee, whether by Proof of Claim or Adversary Proceeding. The intention of the Statute and Debtor's rights being enforced are precisely designed for consumer protection (protection of the public). The rights grant Debtor an affirmative claim against the current holder of the Mortgage loan and the right to recieve payments under the Promissory Note, regardless whether or not it is the original Mortgagee, as asignees (if any) take such interests subject to any consumer claims which theretofore adhere by virtue of any violation of the Federal Consumer Credit Protection Act, or the South Carolina Consumer Protection Code (which incorporates by reference the total scope and array of the Federal Consumer Credit Protection remedies).

Under the cited portions of the South Carolina Code, however, the public policy of the State of South Carolina extends further protections to ensure that each and every borrower securing financing touching upon an interest their residential (or consumer) real estate, whether a first, second, Home Equity Line of Credit (HELOC) or a lien against their home of any priority, shall have the right to choose the Attorney of Their preference to close such transaction. South Carolina public policy is also governs the choice of the South Carolina Legislature to opt out of its Debtors using Federal Exemptions, and instead provides its own Statutory Exemptions securing certain property interests from the reach of any creditor. Debtor asserts that it is her inseparable constitutional right, under State Law, as composed and incorporated into the public policy of South Carolina as to defining the relationships between Debtors and their Creditors, and to avail herself of all remedies available under South Carolina Law to fully realign her relationship with her creditors consistent with Federal Bankrupcty law and South Carolina law to obtain complete relief through the Chapter 13 Reorganization process. In this particular case, Debtor is informed, believes and alleges she has valid choses in action under state law, which in conjunction Federal Bankruptcy law will afford her a complete adjustment and reorganization of her debts, especially the one pertaining to the consumer mortgage loan on her residence. Debtor asserts, that on the facts of her case - being filed just within the Statute of Limitations regarding such claims, complete adjustment of her debt with the Mortgage creditor in this case cannot be made without consideration of the remedies provided in the referenced sections of the South Carolina Consumer Protection Code.

S.C. Code Ann. § 28-5-102(a) requires in material part that consumer mortgage lenders obtain a borrower's preference as to counsel at or within three (3) days of the loan application, and prior to closing. The comments to that section in the seminal treatise "The South Carolina Consumer Protection Code Text With Comments," Kathleen Goodpasture Smith, at 402 (4th ed., 2001) states significantly that the requirement of obtaining the attorney preference with the loan application, mailing or delivering same within three days of receiving the application ("allowing three business days") was done to conform to "federal disclosure laws such as the Truth in Lending Act and Real Estate Settlement Procedures Act." Id.

The offending loan closing procedures concern property at issue is as scheduled in § A/B of the Debtor's schedules. The forthcoming proceeding anticipates naming Nationstar Mortgage, LLC d/b/a Mr. Cooper, acting as servicer for Mortgage Electronic Registration Systems, Inc., the named Mortgagee per the Mortgage of Record recorded in the Office of the Clerk of Court for Greenwood County South Carolina in Mortgage Book 2968 at Page 270. Primary Residential Mortgage, Inc., is believed to be the table funding lender for the underlying transaction, which brokered the loan existent between the parties. All entities named herein will be served with Notice of this Plan, and given notice of the Chapter 13 filing. Debtor is unaware of any assignment of any interest in the Note or Mortgage incident to the transaction which would require additional Notice of the terms of this proposed plan.

**Part 9:** **Signatures:**

**9.1** **Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X **/s/ Towanda M Strong**
**Towanda M Strong**
Signature of Debtor 1

X
Signature of Debtor 2

Executed on **June 2, 2019**

Executed on

X **/s/ John DeVore Compton, III**

Date **June 2, 2019**

| Debtor | **Towanda M Strong** | Case number | **19-02520** |
|---|---|---|---|

**John DeVore Compton, III**
Signature of Attorney for debtor  DCID#5333

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

# United States Bankruptcy Court
### District of South Carolina

| | | | |
|---|---|---|---|
| In re | **Towanda M Strong** | Case No. | **19-02520** |
| | Debtor(s) | Chapter | **13** |

## CERTIFICATE OF SERVICE

I hereby certify that on **June 15, 2019**, a copy of **Debtor's Chapter 13 Plan** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**BEST CASH LOANS OF SC**
**Carmax Auto Finance**
**CHECK N GO**
**CPW**
**Greenwood Mills Harris Plant**
**HYDE PARK AUTO SALES**
**I C System Inc**
**IRS**
**Midland Credit Management, Inc.**
**Mr. Cooper**
**National Credit Adjusters, LLC**
**Neighbors United Fed C**
**Peach State Federal Credit Union**
**Perfection Collection**
**PMAB, LLC**
**Portfolio Recovery**
**PORTFOLIO RECOVERY ASSOCIATES LLC**
**Progressive Leasing**
**SC DEPT OF REVENUE**
**Scott & Associates**
**SELF REGIONAL HEALTHCARE**

/s/ John DeVore Compton, III
**John DeVore Compton, III**
**COMPTON LAW FIRM, LLC**
**P.O. Box 367**
**Greenwood, SC 29648**
**864-942-0518**
**dee@comptonlawfirm.com**